**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 24-CR-69 (LLA)** |
| ) | |
| **TODD NADEAU,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER

Upon consideration of all the evidence in the record, including the restitution request submitted by the victim, IT IS HEREBY ORDERED that the Government's Restitution Request is GRANTED; and:

For the reasons stated on the record at sentencing on January 15, 2025, and contained in the government's Sentencing Memorandum, as the record herein fully supports, IT IS HEREBY ORDERED that the Defendant, Todd Nadeau, shall pay restitution, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664, for the benefit of the victim, in the amount and to her Attorney of Record, as detailed below. The total amount of restitution owed by the Defendant is $3,000.

1. $3,000 to the victim depicted in the "Marineland1" Series ("Sarah") payable to:

   Carol L. Hepburn I/T/F Sarah
   PO Box 17718

   Seattle, WA 98127

IT IS FURTHER ORDERED, that the following shall be ordered and the corresponding language incorporated into the Judgment and Commitment order:

> The full sum or amount of ordered restitution is due immediately. This restitution order constitutes an enforceable judgment, pursuant to 18 U.S.C. § 2259, 18 U.S.C. § 3613 (a), (c) and (f) and § 3664 (m)(1)(A). Any payments must be made to the parties at the addresses detailed above. Any schedule of payments imposed by the Court is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. Consistent with 18 U.S.C. § 3664 (n), "if the [Defendant] receives substantial resources from any source…during a period of incarceration, he will be required to apply the value of such resources to any restitution still owed." If any amount of restitution remains outstanding, the Court imposes a payment schedule of at least the following amounts:

**Imprisonment**. During any period of incarceration in a prison in the United States, payment of any criminal monetary debt (special assessments and restitution) remains due, and the Defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in his inmate trust account per quarter."

**After Imprisonment**. Any portion of the criminal monetary debt that remains unpaid at the time of the defendant's release from imprisonment shall be paid at the monthly rate of at least $1000.00, plus 25% of gross monthly income in excess of $2,300. The Court will further assess Defendant's ability to pay following his release from imprisonment.

IT IS FURTHER ORDERED, that once paid, the Clerk's Office shall disburse monies received in satisfaction of restitution to the victims as listed and detailed above.

IT IS FURTHER ORDERED, the restitution amount of $3,000, with the above-described provisions, is hereby incorporated into the Judgement and Commitment Order for this matter.

SO ORDERED, this 15th day of January, 2025.

HONORABLE JUDGE LOREN L. ALIKHAN
UNITED STATES DISTRICT COURT JUDGE